■ PIETRINA N. PENSABENE, Respondent, v MICHAEL B. LEE, Appellant. [620 NYS2d 285] —In an action, *inter alia,* for specific performance of a separation agreement, the defendant appeals, (1) as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 23, 1993, as granted the branch of the plaintiff's motion which was for summary judgment with regard to her first and second causes of action, denied his cross motion for court-ordered depositions, and dismissed his first and second counterclaims, (2) a judgment of the same court, entered August 9, 1993, upon the order, which is in favor of the plaintiff and against him, and (3) a judgment of the same court, dated February 28, 1994, which is in favor of the plaintiff and against him for counsel fees in the principal sum of $10,225.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment entered upon the order (CPLR 5501 [a] [1]).

The plaintiff and the defendant entered into a separation agreement in which their rights and obligations concerning the former marital home were set forth. The separation agreement provided, "Both parties shall cooperate and use efforts reasonably calculated to produce the best sales price then available in the market for the marital premises and shall agree in a prior writing upon a gross offering price and

minimum net selling price." Despite numerous requests by the plaintiff, the defendant failed to set a price for the marital home or to accept any bids offered by interested buyers. The plaintiff brought this action to compel the defendant to comply with the aforementioned provision of the separation agreement.

Since the defendant failed to establish the existence of a factual issue requiring a trial of the action, the Supreme Court properly granted summary judgment to the plaintiff (see, Zuckerman v City of New York, 49 NY2d 557). Moreover, the Supreme Court's sua sponte dismissal of the defendant's counterclaims was also proper (see, CPLR 3212 [b]; Grimaldi v Pagan, 135 AD2d 496). In this case, the counterclaims were so intertwined with the relief sought by the plaintiff that, in granting the plaintiff summary judgment, the court necessarily had to reject defendant's counterclaims.

The separation agreement provided that, in case of a default, the defaulting party would be obligated to pay the other party's counsel fees. Therefore, the Supreme Court correctly awarded counsel fees to the plaintiff.

The defendant's remaining contention is without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.