In the Matter of the Estate of MICHAEL TENENBAUM, Deceased. HELEN CHAYIE SIEGER, Petitioner; MORRIS TENENBAUM et al., Respondents, and BRIENDY MELNICKE, Appellant. [916 NYS2d 205]—

In a probate proceeding in which Helen Chayie Sieger petitioned pursuant to SCPA 2105 to compel the turnover of certain property from the estate of Michael Tenenbaum, the coexecutor Briendy Melnicke appeals from an order of the Sur-

rogate's Court, Kings County (Johnson, S.), dated December 22, 2009, which denied her motion, inter alia, to vacate a prior order of the same court dated March 7, 2008, which stayed the proceeding.

Ordered that the order dated December 22, 2009, is affirmed, without costs or disbursements.

The appellant and her four siblings are the coexecutors of the estate of their late father, and cotrustees of an inter vivos trust established by their late parents in 1989. By order dated March 7, 2008, the Surrogate stayed the turnover proceeding pursuant to SCPA 2105 in which one of the siblings seeks to compel the turnover of certain property from the estate which she claims the decedent transferred to her, as well as several pending motions involving, inter alia, disputes over the identity of the assets which are part of the inter vivos trust. That order directed that the stay remain in place until the five siblings submitted documentary evidence demonstrating the identity of the assets which were transferred into the inter vivos trust. About three months after a motion by her brother for similar relief was denied, the appellant moved, inter alia, to vacate the stay imposed by the order dated March 7, 2008. In the order appealed from dated December 22, 2009, the Surrogate declined to vacate the stay, stating that the stay would be lifted if the appellant and her siblings comply with the prior order directing them to provide documentation regarding the assets of the inter vivos trust, which would be necessary to resolve "the myriad disputes of the parties as regards to the assets of the inter vivos trust and the testamentary estate."

CPLR 2201 provides that "[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." Thus "a court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources" (*Zonghetti v Jeromack*, 150 AD2d 561, 563 [1989]). Under the circumstances of this case, it was not an improvident exercise of discretion for the Surrogate to deny the appellant's motion, inter alia, to vacate the stay of the turnover proceeding, stating that the stay would be lifted if the appellant and her siblings complied with the prior order instructing them to provide the documentary evidence necessary to identify the assets of the inter vivos trust, and to distinguish those assets from the assets of the estate. Allowing the turnover proceeding to go forward before sufficient documentary evidence is produced to enable the Surrogate to identify the assets of the inter vivos trust poses a risk

of inconsistent determinations regarding the siblings' competing claims to various assets. Furthermore, contrary to the appellant's contention, the terms of the stay are not unjust because the stay can be lifted by substantial compliance with the Surrogate's prior order dated March 7, 2008 (*cf. Islam v Katz Realty Co.*, 296 AD2d 566 [2002]).

In light of our determination, we do not reach the appellant's remaining contention. Angiolillo, J.P., Eng, Hall and Lott, JJ., concur.