■ DONALD FELIX, Respondent, v LAW OFFICE OF THOMAS F. LIOTTI, Appellant. [933 NYS2d 874]—

598

Pursuant to a May 28, 2002, retainer agreement, the defendant was required to perform three tasks for the plaintiff in exchange for an attorney's fee in the sum of $20,000. The defendant failed to perform two of the three agreed-upon tasks, despite having been paid in full. The plaintiff informed the defendant by letter dated February 8, 2006, that he was discharging the defendant for cause, and sought the return of any unearned fees. The defendant denied the plaintiff's request for the return of any unearned fees, prompting the plaintiff to file a pro se complaint alleging breach of contract. Based on the evidence that the defendant had not performed all of the agreed upon tasks under the terms of the retainer agreement, the Supreme Court, inter alia, denied the defendant's motion for summary judgment dismissing the complaint and, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability. Following an inquest on damages, the Supreme Court entered judgment in favor of the plaintiff and against the defendant in the principal sum of $13,333.34.

On appeal, the defendant provides no valid basis for reversing the judgment. It is clear that the defendant made a promise to perform, but there was no subsequent performance with respect to two of the three tasks that formed the basis for the $20,000 attorney's fee (*see Reidy v Martin*, 77 AD3d 903 [2010]; *Henry v Brenner*, 271 AD2d 647, 647-648 [2000]; *Kaplan v Sachs*, 224 AD2d 666, 667 [1996]). All of the defendant's contentions in support of reversal, including that it substantially complied with the terms of the retainer agreement, that the Supreme Court miscalculated damages, that the two Supreme Court Justices involved in this action should have recused themselves, that the plaintiff lacked standing, and that the plaintiff improperly filed successive motions for summary judgment, are without merit.

Additionally, the Supreme Court properly denied the defendant's motion to vacate the order, inter alia, awarding summary judgment to the plaintiff on the issue of liability. "A motion pursuant to CPLR 5015 (a) (3) based upon alleged fraud or misconduct of an adverse party must be made within a 'reasonable time' " (*Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1082 [2011], quoting *Bank of N.Y. v Stradford*, 55 AD3d 765, 765 [2008]; *Sieger v Sieger*, 51 AD3d 1004, 1006 [2008]). The defendant's motion pursuant to CPLR 5015 (a) (3) was not made within a "reasonable time" and, in any event, the defendant's contentions in support of the motion are without merit.

Furthermore, there is no merit to the defendant's contention that the Supreme Court should have stayed enforcement of the judgment pursuant to CPLR 2201 (*see Inner City Telecom. Network v Sheridan Broadcasting Network*, 260 AD2d 257, 258 [1999]). The defendant also failed to support its contention that it was entitled to a restraining order pursuant to CPLR 6301 and 6313.

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur. **[Prior Case History: 25 Misc 3d 1239(A), 2009 NY Slip Op 52490(U).]**