■ HSBC Bank USA, N.A., as Indenture Trustee for the Registered Noteholders of Renaissance Home Equity Loan Trust 2006-2, Respondent, v Dominique Posy, Appellant, et al., Defendants. [950 NYS2d 579]—

In an action to foreclose a mortgage, the defendant Dominique Posy appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered March 29, 2011, which denied his motion, inter alia, in effect, for leave to reargue that branch of

his prior motion, which was, in effect, to vacate pursuant to CPLR 5015 (a) a judgment of foreclosure and sale of the same court entered July 23, 2008, upon his default in appearing or answering, which was denied in an order of the same court entered September 13, 2010, and to stay a related eviction proceeding.

Ordered that the appeal from so much of the order entered March 29, 2011, as denied that branch of the appellant's motion, which was, in effect, for leave to reargue that branch of his prior motion which was, in effect, to vacate pursuant to CPLR 5015 (a) a judgment of foreclosure and sale of the same court entered July 23, 2008, upon his default in appearing or answering, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 29, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just" (CPLR 2201). "[A] court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources" (*Zonghetti v Jeromack*, 150 AD2d 561, 563 [1989]). Under the circumstances presented, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was to stay a related eviction proceeding (*see* CPLR 2201; *Morreale v Morreale*, 84 AD3d 1187, 1188 [2011]).

In light of our determination, we need not address the appellant's remaining contentions. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.