■ EMIGRANT MORTGAGE COMPANY, INC., Appellant, v BRIAN A. GOSDIN, Respondent, et al., Defendants. [989 NYS2d 609]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered December 14, 2012, as denied that branch of its renewed motion which was pursuant to RPAPL 1321 for an order of reference based upon its alleged failure to comply with the notice requirements of RPAPL 1304, and, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, so much of the order as denied, as academic, that branch of the cross motion of the defendant Brian A. Gosdin which was for leave to serve and file a late answer is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of that branch of the cross motion of the defendant Brian A. Gosdin and, if warranted, that branch of the plaintiff's renewed motion which was pursuant to RPAPL 1321 for an order of reference; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On June 27, 2008, the defendant Brian A. Gosdin executed a promissory note in the amount of $160,000 in favor of the plaintiff, which was secured by a mortgage on real property owned by Gosdin. In January 2010, the plaintiff commenced this mortgage foreclosure action against, among others, Gosdin, who did not serve an answer to the complaint. In an order entered December 14, 2012, the Supreme Court denied the plaintiff's renewed motion, inter alia, pursuant to RPAPL 1321 for an order of reference based upon its alleged failure to comply with the notice requirements of RPAPL 1304, and, sua sponte, directed dismissal of the complaint. In addition, the court, among other things, denied, as academic, that branch of Gosdin's cross motion which was for leave to serve and file a late answer.

The Supreme Court improvidently exercised its discretion in, sua sponte, directing the dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; *see U.S. Bank, N.A. v Razon*, 115 AD3d 739 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]). Here, there were no extraordinary circumstances warranting dismissal of the complaint (*see U.S. Bank, N.A. v Razon*, 115 AD3d at 739; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]; *Bank of Am., N.A. v Bah*, 95 AD3d 1150, 1151-1152 [2012]). Contrary to the Supreme Court's determination, the plaintiff demonstrated that it complied with the notice requirements of RPAPL 1304 (*cf. Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95 [2011]). Moreover, we note that while the Supreme Court pointed out that the plaintiff's delay of over one year in renewing its motion, inter alia, for an order of reference was sufficient to justify dismissal under CPLR 3215 (c), the plaintiff's original application for this relief was timely (*see Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]; *Allstate Ins. Co. v Austin*, 48 AD3d 720, 721 [2008]; *NC Venture I, L.P. v Complete Analysis, Inc.*, 22 AD3d 540, 543 [2005]).

Since the Supreme Court did not consider the merits of that branch of the plaintiff's renewed motion which was pursuant to RPAPL 1321 for an order of reference, or that branch of Gosdin's cross motion which was for leave to serve and file a late answer, the matter must be remitted to the Supreme Court, Nassau County, for a determination on the merits of that branch of the cross motion and, if warranted, that branch of the

plaintiff's renewed motion which was for an order of reference (*see Klein v St. Cyprian Props., Inc.*, 100 AD3d at 712).

The parties' remaining contentions are not properly before this Court. Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.