■ DONALD FELIX, Respondent, v LAW OFFICES OF THOMAS F. LIOTTI, Appellant. [9 NYS3d 887]—In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated March 1, 2013, as denied that branch of its motion dated July 31, 2012, which was pursuant to CPLR 2201 to stay enforcement of a judgment dated December 23, 2009, and denied its motion dated August 31, 2012, pursuant to CPLR 2201 and 5015 to stay enforcement of the judgment and to vacate the judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The issue of the validity of the December 23, 2009, judgment was decided by this Court on the merits on a prior appeal (see *Felix v Law Off. of Thomas F. Liotti*, 90 AD3d 597 [2011]). The defendant now argues that same issue in the instant appeal. The doctrine of law of the case bars reconsideration of the issue (see *RPG Consulting, Inc. v Zormati*, 82 AD3d 739 [2011]; *Bernstein v 1995 Assoc.*, 211 AD2d 560 [1995]; *Matter of Parsons*, 78 AD2d 876 [1980]).

Furthermore, contrary to the defendant's contention, there was no newly discovered evidence. The purported newly discovered evidence consisted of public records, which were discoverable with due diligence (see *Matter of Chatham Towers, Inc. v Bloomberg*, 39 AD3d 308 [2007]; *Reed v Reed*, 13 AD3d 602 [2004]; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]).

The defendant also failed to set forth any basis for a stay of enforcement of the judgment pursuant to CPLR 2201. A court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, duplication of proof, and the potential waste of judicial resources (see *El Greco Inc. v Cohn*, 139 AD2d 615, 617 [1988]; see also *HSBC Bank USA, N.A. v Posy*, 98 AD3d 945 [2012]; *Morreale v Morreale*, 84 AD3d 1187 [2011]; *Matter of Tenenbaum*, 81 AD3d 738, 739 [2011]). Here, there was no such risk, and the Supreme Court providently exercised its discretion in declining to issue a stay. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.