■ CYNTHIA R. INMAN et al., Respondents, v SCARSDALE SHOP-PING CENTER ASSOCIATES, LLC, Doing Business as GOLDEN HORSESHOE SHOPPING CENTER, et al., Appellants. [50 NYS3d 884]—In an action, inter alia, to recover damages for negligence, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J), dated July 27, 2016, as denied that branch of their motion which was pursuant to CPLR 5015 (a) (2) to vacate a judgment of the same court dated November 25, 2014.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (2) to vacate a judgment dated November 25, 2014, in favor of the plaintiffs and against them. While the defendants submitted evidence in support of their motion that they claimed was newly discovered, "[e]vidence which is a matter of public record is generally not deemed new evidence which could not have been discovered with due diligence before trial" (*Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]; *see IMC Mtge. Co. v Vetere*, 142 AD3d 954, 955 [2016]; *Felix v Law Offs. of Thomas F. Liotti*, 129 AD3d 773 [2015]; *Gooden v Gooden*, 117 AD3d 902 [2014]). In any event, the defendants also failed to demonstrate that the newly discovered evidence "would probably have produced a different result" (CPLR 5015 [a] [2]; *see IMC Mtge. Co. v Vetere*, 142 AD3d at 955; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d at 327). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.