Deutsche Bank Natl. Trust Co. v Winslow (2020 NY Slip Op 01325)





Deutsche Bank Natl. Trust Co. v Winslow


2020 NY Slip Op 01325


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-02830
 (Index No. 707436/14)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Reginald Winslow, respondent, et al., defendants.


Akerman LLP, New York, NY (Jordan M. Smith and Natsayi Mawere of counsel), for appellant.
Steven A. Grant, New York, NY (Peter Wang of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered February 23, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate a prior order of the same court (Marguerite A. Grays, J.) entered October 4, 2016, directing dismissal of the action, and to restore the action to active status, and, in effect, denied, as academic, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Reginald Winslow and for an order of reference.
ORDERED that the order entered February 23, 2017, is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to vacate the order entered October 4, 2016, and to restore the action to active status are granted, and the matter is remitted to the Supreme Court, Queens County, for a determination of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Reginald Winslow and for an order of reference, and a determination of that branch of that defendant's cross motion which was to impose a sanction upon the plaintiff for its alleged failure to negotiate in good faith pursuant to CPLR 3408(f).
The plaintiff commenced this mortgage foreclosure action against the defendant Reginald Winslow (hereinafter the defendant) and others on October 15, 2014. The defendant interposed an answer with counterclaims on November 21, 2014. After five foreclosure settlement conferences, a Court Attorney Referee issued a residential foreclosure conference order dated September 15, 2015, inter alia, referring the matter to the IAS Part for further disposition and directing the plaintiff to file a motion for an order of reference by June 7, 2016, the date the status conference was scheduled to take place. Upon the plaintiff's failure to move for an order of reference as directed, the June 7, 2016, status conference was adjourned to September 6, 2016. Following the plaintiff's failure to move for an order of reference by September 6, 2016, the Court Attorney Referee found, in a report dated September 9, 2016, that the plaintiff failed to show good cause for its failure to move for the order of reference as directed and recommended that the action be dismissed. By order entered October 4, 2016, the Supreme Court directed dismissal of the action.
By order to show cause dated November 2, 2016, the plaintiff moved to vacate the order entered October 4, 2016, to restore the action to active status, for summary judgment on the complaint insofar as asserted against the defendant, and for an order of reference. The defendant [*2]opposed the motion and cross-moved, inter alia, to impose a sanction upon the plaintiff for its alleged failure to negotiate in good faith pursuant to CPLR 3408(f). The Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals, and we reverse insofar as appealed from.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 784-785; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839). As no such extraordinary circumstances were present in this case, we disagree with the Supreme Court's determination to sua sponte direct dismissal of the complaint, without affording the plaintiff notice and opportunity to be heard (see Chase Home Fin., LLC v Kornitzer, 139 AD3d at 785; U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1108-1109), which "amounted to a denial of the plaintiff's due process rights" (Chase Home Fin., LLC v Plaut, 171 AD3d 692, 694; see CPLR 3216; Chase Home Fin., LLC v Kornitzer, 139 AD3d at 785). Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the October 4, 2016, order and to restore the action to active status (see Chase Home Fin., LLC v Plaut, 171 AD3d at 694).
Since the Supreme Court did not consider the merits of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, or that branch of the defendant's cross motion which was to impose a sanction upon the plaintiff for its alleged failure to negotiate in good faith (see CPLR 3408[f]), we remit the matter to the Supreme Court, Queens County, for a determination on the merits of those branches of the plaintiff's motion and that branch of the defendant's cross motion (see Emigrant Mtge. Co., Inc. v Gosdin, 119 AD3d 639, 640-641).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court