Bank of N.Y. v Ramirez (2020 NY Slip Op 05024)





Bank of N.Y. v Ramirez


2020 NY Slip Op 05024


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2018-04826
 (Index No. 24887/07)

[*1]Bank of New York, etc., appellant, 
v
Carlos A. Ramirez, respondent, et al., defendants.


Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered February 22, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate an order of the same court (Marguerite A. Grays, J.) entered June 8, 2017, sua sponte, directing dismissal of the complaint.
ORDERED that the order entered February 22, 2018, is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to vacate the order entered June 8, 2017, is granted.
In October 2007, the plaintiff commenced this mortgage foreclosure action against the defendant Carlos A. Ramirez (hereinafter the defendant) and others. In an order entered January 3, 2008, the Supreme Court granted the plaintiff's ex parte motion for an order of reference, and a judgment of foreclosure and sale was entered on April 10, 2008. The foreclosure sale was stayed numerous times due to the defendant's multiple bankruptcy filings and several temporary restraining orders imposed by the court. In an order dated September 17, 2015, the court, inter alia, set the matter down for a foreclosure settlement conference, as one had not yet taken place. After two foreclosure settlement conferences, a Court Attorney Referee issued an order dated April 22, 2016, inter alia, releasing the matter from the mandatory foreclosure settlement part and directing the plaintiff to file an application seeking an order of reference by October 25, 2016.
In the meantime, a foreclosure sale was scheduled for September 9, 2016, but was stayed after the defendant filed an order to show cause for a stay. Thereafter, in a status conference order dated October 25, 2016, the Court Attorney Referee, inter alia, directed the plaintiff to file an application seeking an order of reference by the date of the final status conference. Following the final status conference on May 16, 2017, the Court Attorney Referee, in a report dated May 23, 2017, determined that the plaintiff failed to show good cause for its failure to move for an order of reference as directed, and recommended that the action be dismissed. In an order entered June 8, 2017, the Supreme Court directed dismissal of the complaint.
Thereafter, the plaintiff moved, inter alia, to vacate the order entered June 8, 2017. In an order entered February 22, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 784-785). Here, the Supreme Court was not presented with any extraordinary circumstances warranting a sua sponte dismissal of the complaint (see Deutsche Bank Natl. Trust Co. v Winslow, 180 AD3d 1000). Indeed, at the time the plaintiff was directed to file an application for an order of reference, an order of reference, as well as a judgment of foreclosure and sale, had already been issued.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the order entered June 8, 2017.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court