Matter of Hersh (2021 NY Slip Op 05565)





Matter of Hersh


2021 NY Slip Op 05565


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-07702

[*1]In the Matter of George Hersh, deceased. Esther Rachel Hersh, etc., appellant; Mark Hersh, respondent. (File No. 4035D/07)


T. Kevin Murtha & Associates, P.C., Westbury, NY (William Bird III of counsel), for appellant.
Gusrae Kaplan Nusbaum PLLC, New York, NY (Ryan J. Whalen of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Esther Rachel Hersh, as executor of the estate of George Hersh, petitioned, inter alia, for dissolution of a corporate entity in connection with allegations of fraud and mismanagement, Esther Rachel Hersh appeals from an order of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated April 5, 2019. The order, insofar as appealed from, denied her cross motion pursuant to CPLR 2201 to stay the proceeding and, sua sponte, directed dismissal of the petition.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the petition is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
George Hersh (hereinafter George) died on July 24, 2007. His widow, the petitioner, Esther Rachel Hersh, as executor of his estate, commenced this proceeding, inter alia, for dissolution of GM Canmar Residence Corp. (hereinafter GM Canmar). At the time of George's death, GM Canmar was co-owned by George and their son, Mark Hersh (hereinafter Mark), in connection with the family's real estate business. In this proceeding, inter alia, for dissolution of GM Canmar, the petitioner alleged, inter alia, that Mark mismanaged GM Canmar to the detriment of the estate by: (a) taking exclusive possession and control thereof; (b) wrongfully utilizing and converting its assets for his own benefit; (c) using its assets to conduct his own business and not that of the Estate; (d) diverting GM Canmar's assets for personal use; and (e) incurring new debts and liabilities for GM Canmar and threatening to dissipate its assets (hereinafter the dissolution proceeding).
In a related Surrogate's Court proceeding commenced by the petitioner to disclose and recover certain assets alleged to be part of the decedent's estate relating to, in part, Mark's management and ownership of, inter alia, GM Canmar (hereinafter the discovery proceeding), the Surrogate's Court issued a posttrial order dated December 18, 2018 (hereinafter the December 2018 [*2]order), and a decree dated January 10, 2019, which are the subject of related appeals and cross appeals (Matter of Hersh, ___ AD3d ___ [Appellate Division Docket No. 2019-01182; decided herewith]).
After the issuance of the December 2018 order and the related decree in the discovery proceeding, the petitioner moved in this Court, inter alia, to stay enforcement of the December 2018 order in the discovery proceeding and to stay the dissolution proceeding pending the hearing and determination of the appeal and cross appeal from the December 2018 order. By decision and order on motion dated March 27, 2019, issued in connection with the related appeal and cross appeal in the discovery proceeding, this Court granted that branch of the petitioner's motion which was to stay enforcement of the December 2018 order pending a final disposition of the appeal and cross appeal, and denied that branch of the petitioner's motion which was to stay all related matters, including the dissolution proceeding.
Thereafter, Mark moved in the Surrogate's Court, among other things, for summary judgment dismissing the petition in the dissolution proceeding, and the petitioner cross-moved pursuant to CPLR 2201 to stay the dissolution proceeding pending the final disposition of the appeals and cross appeals from the December 2018 order and the related decree. In an order dated April 5, 2019, the Surrogate's Court denied the parties' respective motions and, sua sponte, directed dismissal of the petition in the dissolution proceeding. The court determined that the cause of action for dissolution of GM Canmar had been rendered academic based upon the findings of fact and conclusions of law set forth in the December 2018 order and the related decree, pursuant to which the allegations that Mark had mismanaged GM Canmar were dismissed on the merits. The court also noted that this Court had declined to stay the dissolution proceeding. The petitioner appeals.
CPLR 2201 provides that "[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." "Thus, 'a court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources'" (Chaplin v National Grid, 171 AD3d 691, 692, quoting Matter of Tenenbaum, 81 AD3d 738, 739; see Felix v Law Offs. of Thomas F. Liotti, 129 AD3d 773, 773; HSBC Bank USA, N.A. v Posy, 98 AD3d 945, 946).
Here, the Surrogate's Court providently exercised its discretion in denying the petitioner's cross motion pursuant to CPLR 2201 to stay this proceeding pending a determination of the related appeals and cross appeals (see Felix v Law Offs. of Thomas F. Liotti, 129 AD3d at 773; HSBC Bank USA, N.A. v Posy, 98 AD3d at 946). This determination was consistent with this Court's decision and order on motion dated March 27, 2019. Further, there is no basis to disturb such ruling given the Surrogate's Court's broad discretion with respect to stays as prescribed by CPLR 2201 (see Chaplin v National Grid, 171 AD3d at 692; Felix v Law Offs. of Thomas F. Liotti, 129 AD3d at 773; HSBC Bank USA, N.A. v Posy, 98 AD3d at 946).
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Bank of N.Y. v Ramirez, 186 AD3d 1472, 1473; Matter of Weindling v Berkowitz, 157 AD3d 803, 804-805; Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 784-785). Given the extraordinary circumstances presented here, the Surrogate's Court providently exercised its discretion in, sua sponte, directing dismissal of the dissolution proceeding. Following 9 years of contentious, intrafamilial litigation and a 29-day trial related to the discovery proceeding, the court determined that the estate failed to prove its claims that Mark mismanaged GM Canmar or improperly diverted funds therefrom, or that Mark had in any way oppressed the estate as a minority shareholder in the family business. Fatal to the estate's claims regarding GM Canmar that form the basis of the dissolution proceeding is the petitioner's admission, during trial in the discovery proceeding, that she had no objection to the management fees paid by GM Canmar to Mark and that she neither objected to nor asked Mark to modify Mark's management of GM Canmar (see Jones v Maples, 286 AD2d 639, 639; Pensabene v Lee, 210 AD2d 305, 306; Fischer v Machon Bais Yaakov, 176 AD2d 655, 656).
The petitioner's remaining contentions are without merit.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court