Citimortgage, Inc. v Dedalto (2022 NY Slip Op 06105)

Citimortgage, Inc. v Dedalto

2022 NY Slip Op 06105

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-14413
2019-14415
 (Index No. 20783/10)

[*1]Citimortgage, Inc., etc., appellant,
v
Stephen Dedalto, respondent, et al., defendants.

Akerman, LLP, New York, NY (Jordan M. Smith and James Ng of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated March 17, 2016, and (2) an order of the same court dated August 10, 2018. The order dated March 17, 2016, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate an order of the same court (Martin J. Schulman, J.), dated March 11, 2015, inter alia, directing dismissal of the complaint, to restore this action to the calendar, to consolidate this action with an action entitled Citimortgage, Inc. v Does, pending in the Supreme Court, Queens County, under Index No. 703227/14, for summary judgment on the complaint insofar as asserted against the defendant Stephen Dedalto, to strike that defendant's answer and counterclaims, and for an order of reference. The order dated August 10, 2018, denied the plaintiff's second motion to vacate the order dated March 11, 2015, and to restore this action to the calendar.
ORDERED that the order dated March 17, 2016, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to vacate the order dated March 11, 2015, and to restore this action to the calendar are granted, the order dated August 10, 2018, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of those branches of the plaintiff's motion which were to consolidate this action with an action entitled Citimortgage, Inc. v Does, pending in the Supreme Court, Queens County, under Index No. 703227/14, for summary judgment on the complaint insofar as asserted against the defendant Stephen Dedalto, to strike that defendant's answer and counterclaims, and for an order of reference, and for a determination, if necessary, of the cross motion of the defendant Stephen Dedalto, inter alia, pursuant to CPLR 3408 to schedule a settlement conference; and it is further,
ORDERED that the appeal from the order dated August 10, 2018, is dismissed as academic in light of our determination on the appeal from the order dated March 17, 2016; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On August 16, 2010, the plaintiff commenced this action (hereinafter the first action) against the defendant Stephen Dedalto (hereinafter the defendant), among others, to foreclose a mortgage on certain property in Flushing (hereinafter the premises). The defendant interposed an [*2]answer dated August 30, 2010, with counterclaims. In May 2014, the plaintiff commenced a second action to foreclose the mortgage (hereinafter the second action) against "JOHN DOES" and "JANE DOES."
By order dated February 11, 2015, in the first action, the Supreme Court (Martin J. Schulman, J.) directed the plaintiff to appear at a "final status conference" on March 11, 2015, to file a certificate of merit by that date, and to "file an application seeking an Order of Reference or the next applicable application" by that date. The court advised that "failure to comply with the terms of this order may result in the dismissal of this action without prejudice."
By order dated March 11, 2015, the Supreme Court (Martin J. Schulman, J.) directed dismissal of the complaint in the first action on the ground that the plaintiff failed to comply with the terms of the order dated February 11, 2015, and directed the cancellation of the notice of pendency filed against the premises.
In August 2015, the plaintiff moved, inter alia, to vacate the order dated March 11, 2015, and to restore the first action to the calendar, to consolidate the first and second actions, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and dismiss his counterclaims, and for an order of reference (hereinafter the first motion). The defendant opposed the first motion and cross-moved, inter alia, pursuant to CPLR 3408 to schedule a settlement conference. In an order dated March 17, 2016, the Supreme Court (Janice A. Taylor, J.) denied the first motion with leave to renew before Justice Schulman.
In May 2016, the plaintiff again moved to vacate the order dated March 11, 2015, and to restore the first action to the calendar (hereinafter the second motion). The defendant opposed the second motion. In an order dated August 10, 2018, the Supreme Court (Janice A. Taylor, J.) denied the second motion with leave to renew before Justice Schulman. The plaintiff appeals from the orders dated March 17, 2016, and August 10, 2018.
A motion to vacate an order "shall be made, on notice, to the judge who signed the order, unless he or she is for any reason unable to hear it" (CPLR 2221[a]). "A motion made to other than a proper judge . . . shall be transferred to the proper judge" (CPLR 2221[c]). Here, instead of denying the first motion with leave to renew before Justice Schulman, the Supreme Court should have transferred the first motion to Justice Schulman (see CPLR 2221[c]). Accordingly, the order dated March 17, 2016, must be reversed insofar as appealed from.
Rather than remitting the entirety of the first motion to the Supreme Court, Queens County, for a determination on the merits, this Court will, in the interest of judicial economy, reach the merits of those branches of the first motion which were to vacate the order dated March 11, 2015, and to restore the first action to the calendar.
"'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (Bank of N.Y. v Ramirez, 186 AD3d 1472, 1473, quoting Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682; see Onewest Bank, FSB v Perwaiz, 204 AD3d 935, 937; U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182; Deutsche Bank Natl. Trust Co. v Winslow, 180 AD3d 1000). Here, the plaintiff's failure to comply with the directives of the order dated February 11, 2015, was not a sufficient ground upon which to direct dismissal of the complaint in the first action (see Onewest Bank, FSB v Perwaiz, 204 AD3d at 937; U.S. Bank N.A. v Salgado, 192 AD3d at 1182; see also CPLR 3216; Bank of N.Y. v Harper, 176 AD3d 907). Accordingly, those branches of the first motion which were to vacate the order dated March 11, 2015, and to restore the first action to the calendar must be granted. In light of our determination, the appeal from the order dated August 10, 2018, is academic.
In addition, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of those branches of the first motion which were to consolidate the first and second actions, for summary judgment on the complaint insofar as asserted against the [*3]defendant, to strike the defendant's answer and dismiss his counterclaims, and for an order of reference, and for a determination on the defendant's cross motion, if necessary (see Deutsche Bank Natl. Trust Co. v Winslow, 180 AD3d at 1002; Emigrant Mtge. Co., Inc. v Gosdin, 119 AD3d 639, 640-641).
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court