U.S. Bank N.A. v Turner (2023 NY Slip Op 02023)

U.S. Bank N.A. v Turner

2023 NY Slip Op 02023

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06367
 (Index No. 4119/09)

[*1]U.S. Bank National Association, etc., appellant,
v
Angeree J. Turner, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for appellant.
Stephen H. Finkelstein, New York, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Martin J. Schulman, J.), entered May 26, 2020. The order denied the plaintiff's motion to vacate an order of the same court entered August 6, 2014, inter alia, sua sponte, directing dismissal of the complaint without prejudice, and to restore the action to the active calendar.
ORDERED that the order entered May 26, 2020, is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order entered August 6, 2014, and to restore the action to the active calendar is granted.
In February 2009, the plaintiff's predecessor in interest commenced this action against the defendant Angeree J. Turner (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Queens. The defendant failed to answer or otherwise appear.
After a status conference, the Supreme Court issued an order dated May 14, 2014, inter alia, directing the plaintiff to file an application for an order of reference by July 16, 2014, and warning that failure to comply with the terms of the order "may result in the dismissal of [the] action without prejudice." The plaintiff failed to file an application for an order of reference as directed by that order. In an order entered August 6, 2014, the court, among other things, sua sponte, directed dismissal of the complaint without prejudice.
In November 2019, the plaintiff moved to vacate the order entered August 6, 2014, and to restore the action to the active calendar. The defendant opposed the motion. In an order entered May 26, 2020, the Supreme Court denied the motion. The plaintiff appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048; see Wachovia Bank, N.A. v Cyril, 207 AD3d 686, 688). Here, the plaintiff's failure to comply with the directive to file an application for an order of reference was not a sufficient ground upon which to direct dismissal of the complaint (see Citimortgage, Inc. v Dedalto, [*2]210 AD3d 628; U.S. Bank N.A. v Stuart, 208 AD3d 824, 825; U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182). Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate order entered August 6, 2014, and to restore the action to the active calendar.
In light of our determination, we need not address the parties' remaining contentions.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court