U.S. Bank N.A. v Narain (2024 NY Slip Op 00334)

U.S. Bank N.A. v Narain

2024 NY Slip Op 00334

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-05823
 (Index No. 26723/09)

[*1]U.S. Bank National Association, etc., appellant,
v
Bissoon Narain, et al., respondents, et al., defendants.

Houser LLP, New York, NY (David S. Yohay and Kathleen M. Massimo of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Randi Scherman and Darlene Mottley of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated December 11, 2015. The order denied the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.) dated June 4, 2014, sua sponte, directing dismissal of the complaint, to restore the action to the active calendar, for summary judgment on the complaint insofar as asserted against the defendants Bissoon Narain and Deoki Narain, to strike those defendants' answer, for an order of reference, and to amend the caption.
ORDERED that the order dated December 11, 2015, is reversed, on the law and in the exercise of discretion, without costs or disbursements, those branches of the plaintiff's motion which were to vacate the order dated June 4, 2014, and to restore the action to the active calendar are granted, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Bissoon Narain and Deoki Narain, to strike those defendants' answer, for an order of reference, and to amend the caption.
In 2009, the plaintiff commenced this action against the defendants Bissoon Narain and Deoki Narain (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Far Rockaway. The defendants interposed an answer. In a status conference order dated April 2, 2014 (hereinafter the status conference order), the Supreme Court directed the plaintiff, among other things, to file "an application seeking an Order of Reference or the next applicable application" by June 4, 2014. The status conference order advised that failure to comply "may result in the dismissal of this action without prejudice." In an order dated June 4, 2014 (hereinafter the dismissal order), the court, sua sponte, directed dismissal of the complaint without prejudice on the ground that the plaintiff failed to comply with the terms of the status conference order.
The plaintiff thereafter moved to vacate the dismissal order pursuant to CPLR 2221, to restore the action to the active calendar, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, for an order of reference, and to amend the caption. In an order dated December 11, 2015, the Supreme Court denied the motion. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in denying the motion on the basis that a consent to change attorney form filed on behalf of the plaintiff did not comply with CPLR 321(b), as there was no demonstrated prejudice to the defendants arising from the technical failure to comply with that statute (see Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009).
Contrary to the Supreme Court's additional conclusion, the plaintiff was not required to move by order to show cause, as the branch of the motion seeking to vacate the dismissal order was made pursuant to CPLR 2221(a) (see id.). Moreover, this was a proper procedural vehicle for obtaining vacatur of the dismissal order entered sua sponte (see U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1644; Tangalin v MTA Long Is. Bus, 92 AD3d 766, 767).
As to the merits of the dismissal order, "[a] court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 701 [internal quotation marks omitted]; see U.S. Bank N.A. v Turner, 215 AD3d 889, 890). The plaintiff's failure to comply with the directive in the status conference order was not a sufficient ground upon which to direct dismissal of the complaint (see U.S. Bank N.A. v Bhagwandeen, 216 AD3d at 701; U.S. Bank N.A. v Turner, 215 AD3d at 890; Citimortgage, Inc. v Dedalto, 210 AD3d 628, 631; U.S. Bank N.A. v Stuart, 208 AD3d 824, 825). "In general, [t]he procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay where, as here, the statutory preconditions to dismissal under CPLR 3216, which is the statutory provision addressing want of prosecution, have not been met" (U.S. Bank N.A. v Bhagwandeen, 216 AD3d at 702 [citation, alterations, and internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the dismissal order and to restore the action to the active calendar.
Since the Supreme Court did not consider the merits of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, for an order of reference, and to amend the caption, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of those branches of the motion (see Citimortgage, Inc. v Dedalto, 210 AD3d at 631; Deutsche Bank Natl. Trust Co. v Winslow, 180 AD3d 1000, 1001-1002).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.

2021-05823 DECISION & ORDER ON MOTION
U.S. Bank National Association, etc., appellant,
v Bissoon Narain, et al., respondents, et al., defendants.
(Index No. 26723/09)

Appeal from an order of the Supreme Court, Queens County, dated December 11, 2015. Motion by the respondents, inter alia, to dismiss the appeal on the ground that it was untimely taken. By decision and order on motion of this Court dated March 28, 2022, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that it was untimely taken is denied.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court