HSBC Bank USA, NA v Sung Eun Oh (2024 NY Slip Op 01700)

HSBC Bank USA, NA v Sung Eun Oh

2024 NY Slip Op 01700

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2020-02039
 (Index No. 10719/10)

[*1]HSBC Bank USA, NA, etc., appellant, 
v
Sung Eun Oh, respondent, et al., defendants.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), dated September 4, 2018. The order denied the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.) dated April 1, 2015, sua sponte, dismissing the action, and to restore the action to the court's calendar.
ORDERED that the order dated September 4, 2018, is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order dated April 1, 2015, sua sponte, dismissing the action, and to restore the action to the court's calendar, is granted.
On April 29, 2010, the plaintiff commenced this action against the defendant Sung Eun Oh (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Flushing. The defendant interposed an answer to the complaint.
On February 4, 2015, the Supreme Court issued a status conference order (hereinafter the status conference order), directing the plaintiff to, among other things, "appear at a final status conference on [April 1, 2015]," and to "file an application seeking an Order of Reference or the next applicable application by said conference date." In the status conference order, the court stated that the "failure to comply with the terms of this order may result in the dismissal of the action without prejudice."
Thereafter, in an order dated April 1, 2015 (hereinafter the dismissal order), the Supreme Court found that the plaintiff had failed to comply with the terms of the status conference order, sua sponte, dismissed the action without prejudice, and directed the cancellation and discharge of a notice of pendency filed against the subject property.
In September 2016, the plaintiff moved to vacate the dismissal order and to restore the action to the court's calendar. The defendant, pro se, opposed the motion. In an order dated September 4, 2018, the Supreme Court denied the motion. The plaintiff appeals.
"'[A] court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 638, quoting Deutsche Bank Natl. Trust Co. v Winslow, 180 AD3d 1000, 1001 [internal quotation marks omitted]; see Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682).
Here, the plaintiff's failure to comply with the directive of the status conference order that it file an application for an order of reference by April 1, 2015, was not a sufficient ground upon which to dismiss the complaint (see U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 701; U.S. Bank, N.A. v Turner, 215 AD3d 889, 890; Citimortgage, Inc. v Dedalto, 210 AD3d 628, 631; U.S. Bank N.A. v Stuart, 208 AD3d 824, 825; U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182).
Moreover, contrary to the Supreme Court's determination, dismissal of the action also was not warranted based on the plaintiff's alleged neglect to prosecute. "A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Wells Fargo Bank, N.A. v Temlyak, 221 AD3d 750; Bank of Am., N.A. v Ali, 202 AD3d 726, 727). Here, since at least one of the CPLR 3216 statutory preconditions was not met (see CPLR 3216[b][3]), the court was without power to direct dismissal of the complaint pursuant to that statute (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d at 637-638).
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the dismissal order and to restore the action to the court's calendar.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court