HSBC Bank USA v Assanah (2025 NY Slip Op 02576)

HSBC Bank USA v Assanah

2025 NY Slip Op 02576

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-05318
 (Index No. 16689/09)

[*1]HSBC Bank USA, etc., respondent, 
v
Vanessa Assanah, appellant, et al., defendants.

Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Evan N. Soyer of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vanessa Assanah appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated March 8, 2023. The order, upon certain conditions, granted the plaintiff's motion to vacate an order of the same court (Lawrence Knipel, J.) dated January 28, 2014, sua sponte, directing dismissal of the action pursuant to CPLR 3216, and to restore the action to the court's calendar.
ORDERED that the order is affirmed, with costs.
In July 2009, the plaintiff commenced this action against the defendant Vanessa Assanah (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant did not interpose an answer. In May 2011, the Supreme Court granted the plaintiff's motion for an order of reference.
On January 28, 2014, after a status conference held that day, the Supreme Court issued a "Conditional Order of Dismissal" (hereinafter the status conference order) in which the court, inter alia, found that the plaintiff had "unreasonably neglected to prosecute this action," directed dismissal of the action pursuant to CPLR 3216, and directed the County Clerk to cancel the notice of pendency filed in the action "unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." On July 31, 2014, the court, sua sponte, administratively dismissed the action on July 31, 2014.
In September 2020, the plaintiff moved to vacate the status conference order and to restore the action to the court's calendar. The defendant opposed the motion. In an order dated March 8, 2023, the Supreme Court, upon certain conditions, granted the motion. The defendant appeals.
"A court's power to dismiss a complaint sua sponte is to be used sparingly, and only when extraordinary circumstances exist to warrant such a dismissal" (Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 119).
Here, the plaintiff's failure to comply with the directive in the status conference order [*2]was not a sufficient ground upon which to direct dismissal of the complaint (see HSBC Bank USA, NA v Sung Eun Oh, 225 AD3d 841, 842; U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 701; U.S. Bank N.A. v Turner, 215 AD3d 889, 890; Citimortgage, Inc. v Dedalto, 210 AD3d 628, 631).
In addition, dismissal of the complaint was not warranted based on the plaintiff's alleged neglect to prosecute. "'A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met'" (HSBC Bank USA, NA v Sung Eun Oh, 225 AD3d at 842, quoting Delgado v New York City Hous. Auth., 21 AD3d 522, 522). Here, since at least one of the statutory preconditions of CPLR 3216 were not met (see id. § 3216[b][1]), the Supreme Court was without power to direct dismissal of the complaint pursuant to that statute (see HSBC Bank USA, NA v Sung Eun Oh, 225 AD3d at 842; Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 637-638).
Moreover, since the record is devoid of any evidence that the plaintiff failed to appear at the status conference on January 28, 2014, the defendant's contention that the action was nonetheless subject to dismissal pursuant to 22 NYCRR 202.27 is without merit (cf. Wells Fargo Bank, N.A. v McClintock, 174 AD3d 950).
The defendant's remaining contentions are either not properly before this Court (see Wood v Wood, 134 AD3d 1028, 1029; Popular Fin. Servs., LLC v Williams, 50 AD3d 660, 661) or without merit.
Accordingly, we affirm the order.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court