■ ONEWEST BANK, FSB, Appellant, v ANA FERNANDEZ et al., Respondents. [976 NYS2d 405]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated August 17, 2011, which denied its ex parte motion for an order of reference appointing a referee to ascertain and compute the amount due to it and, sua sponte, directed the dismissal of the complaint, with prejudice.

Ordered that the appeal from so much of the order as denied the plaintiff's ex parte motion for an order of reference is dismissed, without costs or disbursements, as no appeal lies from the denial of an ex parte motion (see CPLR 5704; Bank of N.Y. v Alderazi, 99 AD3d 837 [2012]); and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint, with prejudice, is deemed to be an application

for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in, sua sponte, directing the dismissal of the complaint. " 'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal' " (HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817 [2013], quoting U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; see Aurora Loan Servs., LLC v Sobanke, 101 AD3d 1065, 1066 [2012]). Here, there were no extraordinary circumstances warranting sua sponte dismissal of the complaint. Moreover, the defendants, having failed to answer the complaint or make pre-answer motions to dismiss the complaint, waived the defense of lack of standing (see HSBC Bank USA, N.A. v Taher, 104 AD3d at 817; Bank of N.Y. v Alderazi, 99 AD3d at 838; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]). "Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant sua sponte dismissal of a complaint by the court" (HSBC Bank USA, N.A. v Taher, 104 AD3d at 817; see Bank of N.Y. v Alderazi, 99 AD3d at 838; U.S. Bank, N.A. v Emmanuel, 83 AD3d at 1048-1049; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 243-244 [2007]). Dickerson, J.P., Chambers, Roman and Miller, JJ., concur.