# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1465**
**CA 14-00735**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

MIDFIRST BANK, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

EUGENE A. EDDY AND JOY E. EDDY,
DEFENDANTS-RESPONDENTS.

---

FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP, BAY SHORE (JOSEPH F. BATTISTA OF COUNSEL), FOR PLAINTIFF-APPELLANT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 8, 2013.  The order denied plaintiff's motion to vacate a prior order and judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion to vacate the order and judgment dated November 15, 2012 is granted, that order and judgment is vacated, the complaint is reinstated and plaintiff is granted 30 days from service of the order of this Court with notice of entry to file and serve either a motion or an ex parte application, as appropriate, for a judgment of foreclosure and sale.

Memorandum:  Plaintiff commenced this action in October 2011 to foreclose on a mortgage that was secured by property owned by defendants.  Defendants failed to answer or appear and, upon plaintiff's motion, Supreme Court issued an order of reference pursuant to RPAPL 1321.  The order of reference, dated July 3, 2012, directed the Referee to file his report on or before October 3, 2012, and directed plaintiff to "submit either a Motion or [an] Ex Parte Application, as appropriate, for a Judgment of Foreclosure and Sale on or before November 3, 2012."  The order also provided that plaintiff's failure "to adhere to the deadlines set forth in this . . . Order, without good cause shown, shall be deemed an abandonment of the action pursuant to 22 NYCRR [] 202.48 and shall result in the Court's dismissal of the complaint."  Plaintiff did not submit a motion or an ex parte application for a judgment of foreclosure and sale by November 3, 2012, and by order and judgment dated November 15, 2012 (dismissal order), the court dismissed the complaint sua sponte.  The Referee thereafter issued his report on February 5, 2013.

The court erred in denying plaintiff's motion seeking to vacate the dismissal order.  The court improperly dismissed the complaint sua sponte pursuant to 22 NYCRR 202.48, and no extraordinary circumstances

are present in this case that otherwise would warrant the court's exercise of its power to dismiss a complaint sua sponte (*see Midfirst Bank v Bellinger*, 117 AD3d 1520, 1521-1522).

We therefore reverse the order, grant plaintiff's motion, vacate the dismissal order and reinstate the complaint. We further direct plaintiff to "submit [to Supreme Court] either a Motion or [an] Ex Parte Application, as appropriate, for a Judgment of Foreclosure and Sale" within 30 days of service of the order of this Court with notice of entry.

Entered: February 6, 2015                    Frances E. Cafarell
                                             Clerk of the Court