In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Gross-man, J.), dated October 29, 2014, which, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a notice of pendency filed against the subject property.
 

 Ordered that on the Court’s own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is reversed, on the law, without costs or disbursements.
 

 In this action to foreclose a mortgage, the Supreme Court, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a notice of pendency filed against the subject property. “A court’s power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal” (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839 [2015]; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d 465, 466 [2014]; Bank of N.Y. v Cepeda, 120 AD3d 451, 452-453 [2014]). Here, there were no extraordinary circumstances warranting dismissal of the complaint with prejudice and the cancellation of the notice of pendency (see Aurora Loan Servs., LLC v Sobanke, 101 AD3d 1065 [2012]; Bank of Am., N.A. v Bah, 95 AD3d 1150, 1151-1152 [2012]; U.S. Bank, N.A. v Guichardo, 90 AD3d 1032, 1033 [2011]). The plaintiff’s delay in submitting an application for a judgment of foreclosure and sale was not a sufficient ground upon which to direct the dismissal of the complaint and cancellation of the notice of pendency (see U.S. Bank, N.A. v Guichardo, 90 AD3d at 1033; see also CitiMortgage, Inc. v Carter, 140 AD3d 1663, 1664 [2016]; CitiMortgage, Inc. v Petragnani, 137 AD3d 1688, 1688 [2016]). Accordingly, the court erred in, sua sponte, directing the dismissal of the complaint with prejudice and the cancellation of the notice of pendency (see Aurora Loan Servs., LLC v Shahmela Shah Sookoo, 92 AD3d 705 [2012]; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; HSBC Bank USA, N.A. v Valentin, 72 AD3d 1027 [2010]).
 

 Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.