HSBC Bank USA, N.A. v Lopez (2019 NY Slip Op 08659)





HSBC Bank USA, N.A. v Lopez


2019 NY Slip Op 08659


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-13297
 (Index No. 18056/08)

[*1]HSBC Bank USA, N.A., etc., appellant,
v
Charlie A. Lopez, respondent, et al., defendants.


Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 19, 2016. The order, insofar as appealed from, in effect, denied the plaintiff's motion for leave to enter a default judgment, for an order of reference, and for leave to amend the caption, and, sua sponte, directed dismissal of the complaint for failure to comply with the notice requirements of RPAPL 1303.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for leave to enter a default judgment, for an order of reference, and for leave to amend the caption; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On March 15, 2005, the defendant Charlie A. Lopez executed a note in the amount of $322,240 secured by a mortgage on certain real property located in Brooklyn. On or about June 24, 2008, the plaintiff, as the alleged holder of the note and successor in interest to the mortgage, commenced this action to foreclose the mortgage, alleging that Lopez had defaulted in making a payment due on December 1, 2007. After Lopez and the other defendants failed to timely answer the complaint, the plaintiff moved for leave to enter a default judgment, for an order of reference, and for leave to amend the caption. Lopez opposed the motion. The Supreme Court, in effect, inter alia, denied the plaintiff's motion and, sua sponte, directed dismissal of the complaint for failure to comply with RPAPL 1303. The plaintiff appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Countrywide Home Loans, Inc. v [*2]Campbell, 164 AD3d 646, 647 [internal quotation marks omitted]; see Onewest Bank, FSB v Tarantola, 156 AD3d 711, 711-712; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048). Here, there were no extraordinary circumstances warranting a sua sponte dismissal of the complaint (see Countrywide Home Loans, Inc. v Campbell, 164 AD3d at 647).
Moreover, the Supreme Court's determination that the plaintiff failed to comply with RPAPL 1303 was incorrect on the merits. In particular, the plaintiff established, and Lopez did not dispute, that it provided notice in compliance with RPAPL 1303 by submitting the process server's affidavit of service on Lopez, in which the process server stated that he served the summons and complaint "on white paper, together with the Notice required by RPAPL section 1303, which Notice, as served, was printed on blue paper, the title of the Notice appeared to be in bold 20-point type, and the text appeared to be in bold, 14-point type" (see US Bank N.A. v Nelson, 169 AD3d 110, 118; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827-828).
Since the Supreme Court did not consider the merits of the plaintiff's motion for leave to enter a default judgment, for an order of reference, and for leave to amend the caption, we remit the matter to the Supreme Court, Kings County, for a determination of the plaintiff's motion on the merits (see Countrywide Home Loans, Inc. v Campbell, 164 AD3d at 647-648).
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court