U.S. Bank N.A. v Salgado (2021 NY Slip Op 02012)





U.S. Bank N.A. v Salgado


2021 NY Slip Op 02012


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02266
 (Index No. 9132/08)

[*1]U.S. Bank National Association, etc., appellant,
v
Juan Jose Salgado, etc., et al., defendants.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered October 1, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were to vacate an order entered August 18, 2014, sua sponte, directing dismissal of the action without prejudice and cancellation of a notice of pendency filed against the subject property, and to restore the action to the active calendar.
ORDERED that the order entered October 1, 2018, is reversed, on the law, without costs or disbursements, and those branches of the plaintiff's unopposed motion which were to vacate the order entered August 18, 2014, sua sponte, directing dismissal of the action without prejudice and cancellation of a notice of pendency filed against the subject property, and to restore the action to the active calendar, are granted.
On April 10, 2008, the plaintiff commenced this action against, among others, the defendants Juan Jose Salgado and Gloria Campos (hereinafter together the defendants) to foreclose a mortgage on certain residential property in Queens. The defendants failed to appear or answer the complaint. In an order entered August 4, 2009, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference. In an order entered July 9, 2010, the court granted those branches of the plaintiff's unopposed motion which were to confirm the referee's report and for a judgment of foreclosure and sale, but denied that branch of the motion which was to execute the judgment of foreclosure and sale in the form submitted by the plaintiff. The court directed the plaintiff to "[s]ubmit judgment."
On June 4, 2014, the Supreme Court issued a status conference order, directing the plaintiff to appear at a final status conference on July 30, 2014; to file a "Foreclosure Affirmation/Certificate of Merit pursuant to Administrative Order 208/13 by said conference date"; and to file "an application for an Order of Reference or the next applicable application by said conference date." The court advised that "failure to comply with the terms of this order may result in the dismissal of this action without prejudice." In an order entered August 18, 2014 (hereinafter the dismissal order), the court determined that the plaintiff had failed to comply with the terms of the status conference order, directed dismissal of the action without prejudice, and directed that the notice of pendency be cancelled.
Thereafter, the plaintiff moved, unopposed, inter alia, to vacate the dismissal order and to restore the action to the active calendar. In an order entered October 1, 2018, the Supreme Court denied the motion. The plaintiff appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Bank of N.Y. v Ramirez, 186 AD3d 1472, 1473; Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 784-785). Here, the plaintiff's failures to comply with the directives of the status conference order were insufficient grounds upon which to direct dismissal of the action and cancellation of the notice of pendency (see Onewest Bank, FSB v Tarantola, 156 AD3d 711, 711; Downey Sav. & Loan Assn., F.A. v Trujillo, 142 AD3d 1040, 1042). In view of our determination, we need not address the plaintiff's remaining contentions.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the dismissal order and to restore the action to the active calendar.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court