Fnbn I, LLC v DiTomasso (2021 NY Slip Op 05955)





Fnbn I, LLC v DiTomasso


2021 NY Slip Op 05955


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-09158
2019-13098
 (Index No. 135763/14)

[*1]FNBN I, LLC, respondent, 
v
Jennifer DiTomasso, et al., defendants, Irineo Hernandez, appellant.


John J. Caracciolo, East Northport, NY, for appellant.
Friedman Vartolo, LLP, New York, NY (Oran Schwager and Zachary Gold of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Irineo Hernandez appeals from (1) an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated June 1, 2018, and (2) a judgment of foreclosure and sale of the same court dated October 25, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference. The judgment of foreclosure and sale, upon the order dated June 1, 2018, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated June 1, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this foreclosure action in 2014, alleging that, in April 2007, the defendant Jennifer DiTomasso executed a note in the amount of $435,600, which was secured by a mortgage on real property located in Staten Island. That mortgage also was signed by a co-owner of the property, the defendant Irineo Hernandez (hereinafter the defendant). The plaintiff alleged that DiTomasso defaulted in paying the note on March 1, 2013, and thereafter.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The Supreme Court, among other things, granted those branches of the plaintiff's motion. The court thereafter entered a judgment of foreclosure and sale. The defendant appeals.
The defendant's contention that the plaintiff's submissions were insufficient to demonstrate that the plaintiff complied with the notice requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 672; Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587; Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 558; Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 811, 814; Hudson City Sav. Bank v Bomba, 149 AD3d 704).
The defendant's remaining contention, which was not advanced in opposition to the plaintiff's motion for summary judgment, also is improperly raised for the first time on appeal (see Property Asset Mgt., Inc. v Souffrant, 162 AD3d 919, 920; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 672).
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court