Onewest Bank, FSB v Perwaiz (2022 NY Slip Op 02558)

Onewest Bank, FSB v Perwaiz

2022 NY Slip Op 02558

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-01014
2019-01015
 (Index No. 22728/09)

[*1]Onewest Bank, FSB, etc., respondent, 
v
Shagufta Perwaiz, et al., appellants, et al, defendant. Law Office of Paul R. Kenney, LLC, New York, NY, for appellants.

Stradley Ronon Stevens & Young, LLP, New York, NY (Lijue T. Philip of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Shagufta Perwaiz and Perwaiz Asghar appeal from two orders of the Supreme Court, Queens County (Salvatore Modica, J.), both entered November 21, 2018. The first order entered November 21, 2018, granted the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.) entered January 23, 2015, sua sponte, directing dismissal of the complaint, and to restore the action to the court's calendar. The second order entered November 21, 2018, granted the plaintiff's motion to vacate the order entered January 23, 2015, and to restore the action to the court's calendar, vacated the order entered January 23, 2015, and restored the action to the court's calendar.
ORDERED that the orders entered November 21, 2018, are affirmed, with costs.
In May 2007, the defendants Shagufta Perwaiz and Perwaiz Asghar (hereinafter together the Perwaiz defendants) entered into a consolidation, extension, and modification agreement and mortgage with the plaintiff's predecessor, combining prior mortgages secured by real property in Queens. In or about August 2009, the plaintiff commenced this foreclosure action against the Perwaiz defendants, among others, alleging that the Perwaiz defendants failed to make payments due on October 1, 2008, and thereafter. The Perwaiz defendants failed to answer or appear in this action. The plaintiff was granted an order of reference in December 2009. By order entered January 23, 2015, the Supreme Court, sua sponte, directed dismissal of the complaint, on the ground that the plaintiff failed to comply with the terms of a status conference order entered December 15, 2014.
The plaintiff moved to vacate the January 23, 2015 order, and to restore the action to the Supreme Court's calendar. The court granted the plaintiff's motion, vacated the order entered January 23, 2015, and restored the action to the court's calendar. The Perwaiz defendants appeal.
The Supreme Court providently exercised its discretion in granting the plaintiff's motion to vacate the January 23, 2015 order, and to restore the action to the court's calendar (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). Administrative Order of the Chief Administrative Judge of the Courts AO/548/10 (which has since been replaced by Admin Order of Chief Admin Judge of Cts AO/431/11 and CPLR 3012-b), issued on October 20, 2010, required the [*2]plaintiff to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings in a residential foreclosure action (see US Bank, NA v Boyce, 93 AD3d 782). Here, the December 15, 2014 status conference order directed the plaintiff to file such an affirmation, and an application seeking a judgment of foreclosure and sale, by January 14, 2015. However, a court may not sua sponte dismiss a complaint for failure to move for a judgment of foreclosure and sale by an arbitrary date set by the court (see MidFirst Bank v Eddy, 125 AD3d 1458). Delay in submitting an application for a judgment of foreclosure and sale is simply not a sufficient ground upon which to direct sua sponte dismissal of the complaint (see Onewest Bank, FSB v Tarantola, 156 AD3d 711).
Moreover, as this action was pending on the effective date of the Administrative Order, and no judgment of foreclosure has been entered, the plaintiff was not required to file the affirmation until "the time of filing either the proposed order of reference or the proposed judgment of foreclosure" (U.S. Bank, N.A. v Ramjit, 125 AD3d 641, 642 [internal quotation marks omitted]; see also U.S. Bank N.A. v Polanco, 126 AD3d 883; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225). Accordingly, the plaintiff's failure to comply with the directives of the status conference order were insufficient grounds upon which to sua sponte direct dismissal of the complaint (see U.S. Bank N.A. v Salgado, 192 AD3d 1181; Countrywide Home Loans, Inc. v Caruso, 171 AD3d 857).
The Perwaiz defendants' remaining contentions either need not be reached in light of our determination or are without merit.
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court