U.S. Bank N.A. v Stuart (2022 NY Slip Op 05055)

U.S. Bank N.A. v Stuart

2022 NY Slip Op 05055

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-00824
 (Index No. 31439/09)

[*1]U.S. Bank National Association, etc., appellant,
v
Craig Stuart, respondent, et al., defendants.

Reed Smith LLP, New York, NY (Natsayi Mawere, Andrew B. Messite, and James Faller of counsel), for appellant.
R. David Marquez, P.C., Mineola, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 15, 2018. The order denied the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.) entered January 11, 2018, which, among other things, sua sponte, directed dismissal of the complaint without prejudice, and to restore the action to the calendar.
ORDERED that the order entered November 15, 2018, is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order entered January 11, 2018, and to restore the action to the calendar is granted.
In November 2009, the plaintiff commenced this action against the defendants Craig Stuart (hereinafter the defendant) and Lois Stuart (hereinafter Lois), among others, to foreclose a mortgage encumbering certain real property in Queens. The plaintiff successfully moved for summary judgment on the complaint insofar as asserted against the defendant, but the complaint was dismissed insofar as asserted against Lois pursuant to CPLR 3215(c). In November 2015, the plaintiff commenced a separate action against Lois, among others, to foreclose the mortgage, and thereafter, twice unsuccessfully moved for summary judgment on the complaint insofar as asserted against Lois in that action.
Meanwhile, a status conference order was entered in this action on May 10, 2017 (hereinafter the status conference order), which, inter alia, directed the plaintiff to file a motion for a judgment of foreclosure and sale by December 20, 2017, and warned that "failure to comply with the terms of this order may result in the dismissal of this action without prejudice." The plaintiff failed to file a motion for a judgment of foreclosure and sale as directed by the status conference order. In an order entered January 11, 2018 (hereinafter the January 2018 order of dismissal), the Supreme Court, among other things, sua sponte, directed dismissal of the complaint without prejudice. By notice of motion dated July 19, 2018, the plaintiff moved to vacate the January 2018 order of dismissal and to restore the action to the calendar. In an order entered November 15, 2018, the court denied the motion. The plaintiff appeals.
"'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (Bank of N.Y. v Ramirez, 186 AD3d [*2]1472, 1473, quoting Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682; see U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182). Here, the plaintiff's failure to comply with the directive of the status conference order was not a sufficient ground upon which to direct dismissal of the action (see U.S. Bank N.A. v Salgado, 192 AD3d at 1182). Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the January 2018 order of dismissal and to restore the action to the calendar.
In light of our determination, we need not address the plaintiff's remaining contention.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court