Deutsche Bank Trust Co. Ams. v Martinez (2023 NY Slip Op 01179)

Deutsche Bank Trust Co. Ams. v Martinez

2023 NY Slip Op 01179

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2018-05543
 (Index No. 21017/11)

[*1]Deutsche Bank Trust Company Americas, appellant, 
v
Teresita A. Martinez, respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Lanin Law P.C., New York, NY (Scott L. Lanin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered February 5, 2018. The order denied the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.) entered June 15, 2017, sua sponte, directing dismissal of the complaint and cancellation of the notice of pendency, to restore the action to the court's active calendar, and to appoint a substitute referee to compute the amount due to the plaintiff.
ORDERED that the order entered February 5, 2018, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order entered June 15, 2017, to restore the action to the court's active calendar, and to appoint a substitute referee to compute the amount due to the plaintiff is granted.
In 2011, the plaintiff commenced this foreclosure action against, among others, the defendant Teresita A. Martinez (hereinafter the defendant). The defendant failed to timely appear or answer the complaint. In an order entered April 23, 2014, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order entered October 23, 2015, the court, among other things, appointed a referee to compute the amount due to the plaintiff.
On March 22, 2017, the Supreme Court issued a status conference order, inter alia, directing the plaintiff to "file an application for a [j]udgment of [f]oreclosure [and] sale" by June 7, 2017. The plaintiff failed to do so. In an order entered June 15, 2017 (hereinafter the dismissal order), the court, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency.
In August 2017, the plaintiff moved to vacate the dismissal order, to restore the action to the court's active calendar, and to appoint a substitute referee to compute the amount due to the plaintiff because the referee appointed by the order entered October 23, 2015, had since retired. In an order entered February 5, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A court's power to dismiss an action, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal (see U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182; Onewest Bank, FSB v Tarantola, 156 AD3d 711, 711; see also Rienzi v Rienzi, 23 AD3d 450, 450). Here, the plaintiff's failure to move for a judgment of foreclosure and sale as directed by the March 22, 2017 status conference order was not a sufficient ground upon which to sua sponte direct dismissal of the complaint and cancellation of the notice of pendency (see Onewest Bank, FSB v Perwaiz, 204 AD3d 935, 937; U.S. Bank N.A. v Salgado, 192 AD3d at 1182; Onewest Bank, FSB v Tarantola, 156 AD3d at 711-712; see also CitiMortgage, Inc. v Carter, 140 AD3d 1663, 1663-1664). Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the dismissal order, to restore the action to the court's active calendar, and to appoint a substitute referee to compute the amount due to the plaintiff (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 68).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court