U.S. Bank N.A. v Bhagwandeen (2023 NY Slip Op 02349)

U.S. Bank N.A. v Bhagwandeen

2023 NY Slip Op 02349

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-06963
 (Index No. 707178/15)

[*1]U.S. Bank National Association., etc., et al., appellant
v
Vindra Bhagwandeen, respondent, et al., defendants.

Stradley Ronon Stevens & Young, LLP, New York, NY (Jaqueline M. Aiello of counsel), for appellant.
Menashe & Associates LLP, Montebello, NY (Chezki Menashe of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered June 11, 2020. The order denied the plaintiff's motion to vacate an order of the same court dated November 29, 2017, sua sponte, directing dismissal of the complaint, and to restore the matter to the active calendar.
ORDERED that the order entered June 11, 2020, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated November 29, 2017, and to restore the matter to the active calendar is granted.
On July 9, 2015, the plaintiff commenced the instant action to foreclose a mortgage against the defendant Vindra Bhagwandeen (hereinafter the defendant), among others. The defendant interposed an answer on August 14, 2015. In an order dated September 13, 2017, the Supreme Court directed the plaintiff to appear at a final status conference on November 29, 2017, and to move for an order of reference by that date. The order also stated "that failure to comply with the terms of this order may result in the dismissal of this action without prejudice." In an order dated November 29, 2017, the court determined that the plaintiff had failed to comply with "the terms of the order" dated September 13, 2017, and, sua sponte, directed dismissal of the complaint without prejudice.
On October 16, 2019, the plaintiff moved to vacate the order dated November 29, 2017, and to restore the matter to the active calendar. In an order entered June 11, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals. We reverse.
The Supreme Court erred in denying the plaintiff's motion, inter alia, to vacate the order dated September 13, 2017, sua sponte, directing dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Citimortgage, Inc. v Dedalto, 210 AD3d 628, 630-631; U.S. Bank N.A. v Stuart, 208 AD3d 824, 825; Hartford Funding, Ltd. v Harris, 193 AD3d 1035). The plaintiff's failure to comply with the directive in the order dated September 13, 2017, was not a sufficient ground upon which to direct dismissal of the complaint (see Citimortgage, Inc. v Dedalto, 210 AD3d at 631; Onewest Bank, FSB v Perwaiz, 204 AD3d 935, 937; Bank of N.Y. v Harper, 176 AD3d 907). Moreover, the court was without authority to, sua sponte, direct dismissal of the [*2]complaint based upon the plaintiff's failure to comply with its directive to proceed by motion where, as here, the plaintiff was entitled to proceed either by motion or trial (see U.S. Bank N.A. v Campbell, 202 AD3d 1137, 1138).
Contrary to the defendant's contention, 22 NYCRR 202.27 was not a proper basis for directing dismissal of the complaint (see Bank of N.Y. v Harper, 176 AD3d at 909). Where a party appears as scheduled, 22 NYCRR 202.27 "provides no basis for the court to summarily dismiss the action for failure to prosecute" (Bank of N.Y. v Harper, 176 AD3d at 909 [internal quotation marks omitted]). Nothing in the record establishes that the plaintiff did not appear or was not ready to proceed at the final status conference (see Bank of New York v Harper, 176 AD3d 907, 909). To the extent our cases have held that a failure to comply with a directive in a prior status conference order amounts to a nonappearance at the status conference or a failure to announce readiness to proceed "immediately or subject to the engagement of counsel" within the meaning of 22 NYCRR 202.27 (see Citimortgage, Inc. v Rahman, 193 AD3d 810, 812; Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d 1173, 1175), such cases should no longer be followed (see Deutsche Bank Trust Co. Ams. v Gonzales, ____ AD3d ____, 2023 NY Slip Op 01778 [2d Dept]). "In general, [t]he procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay" (Bank of N.Y. v Harper, 176 AD3d at 909 [internal quotation marks omitted]) where, as here, the statutory preconditions to dismissal under CPLR 3216, which is the statutory provision addressing "[w]ant of prosecution," have not been met.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated November 29, 2017, and to restore the matter to the active calendar.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court