HSBC Bank USA, N.A. v Badalamenti (2024 NY Slip Op 03034)

HSBC Bank USA, N.A. v Badalamenti

2024 NY Slip Op 03034

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-03591
 (Index No. 136118/15)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Maria Badalamenti, respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Carl E. Person, New York, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated April 13, 2022. The order denied those branches of the plaintiff's motion which were to vacate an order of the same court dated November 28, 2018, sua sponte, in effect, directing dismissal of the complaint, and to restore the action to the active calendar, and, in effect, denied, as academic, those branches of the plaintiff's motion which were, upon restoration, to confirm the referee's report and for a judgment of foreclosure and sale.
ORDERED that the order dated April 13, 2022, is reversed, on the law, with costs, those branches of the plaintiff's motion which were to vacate the order dated November 28, 2018, and to restore the action to the active calendar are granted, and the matter is remitted to the Supreme Court, Richmond County, for a determination of those branches of the plaintiff's motion which were, upon restoration, to confirm the referee's report and for a judgment of foreclosure and sale.
On December 7, 2015, the plaintiff commenced this action against the defendant Maria Badalementi (hereinafter the defendant), among others, to foreclose a mortgage secured by certain real property located in Richmond County. The defendant interposed an answer on February 12, 2016. In an order dated June 6, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint.
In an order dated September 12, 2018, the Supreme Court, inter alia, adjourned the matter to November 28, 2018, directed the plaintiff to "make whatever applications are necessary to proceed with the action within 60 days," and stated that "the plaintiff's failure to proceed with this action in the requisite time period may result in the dismissal of the action." In an order dated November 28, 2018, the court, sua sponte, in effect, directed dismissal of the complaint.
On July 17, 2019, the plaintiff moved, inter alia, to vacate the order dated November 28, 2018, and to restore the action to the active calendar, and, upon restoration, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated April 13, 2022, the Supreme Court denied those branches of the plaintiff's motion which were to vacate the order dated November 28, 2018, and to restore the action to the active calendar, and, in effect, denied as academic, those branches of the plaintiff's motion which were, upon restoration, to confirm the referee's report and for a judgment of foreclosure and sale. The plaintiff appeals.
Initially, the defendant's argument that this appeal should be dismissed because the plaintiff failed to appeal directly from the November 28, 2018 order, which, in effect, directed dismissal of the complaint, is without merit. "Where, as here, an order directing dismissal of a complaint is not appealable as of right because it did not decide a motion made on notice, it is procedurally proper for the aggrieved party to move pursuant to CPLR 2221(a) to vacate that order" (Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d 701, 702).
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v St. Louis, ___ AD3d ___, 2024 NY Slip Op 02948 [2d Dept]; Hartford Funding, Ltd. v Harris, 193 AD3d 1035). Here, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint (see Deutsche Bank Tr. Co. Ams. v Martinez, 214 AD3d 704, 705; U.S. Bank N.A. v Green, 205 AD3d 755, 755-756; U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182).
The defendant's remaining contention is improperly raised for the first time on appeal (see Bank of N.Y. Mellon v Glasgow, 206 AD3d 790; FNBN I, LLC v DiTomasso, 199 AD3d 656).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the order dated November 28, 2018, and to restore the action to the active calendar.
As the Supreme Court did not consider the merits of those branches of the plaintiff's motion which were, upon restoration, to confirm the referee's report and for a judgment of foreclosure and sale, the matter must be remitted to the Supreme Court, Richmond County, for a determination on the merits of those branches of the plaintiff's motion (see Emigrant Mtge. Co. v Gosdin, 119 AD3d 639, 640-641).
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court