James B. Nutter & Co. v Heirs & distributees of the estate of Rose Middleton (2024 NY Slip Op 03472)

James B. Nutter & Co. v Heirs & distributees of the estate of Rose Middleton

2024 NY Slip Op 03472

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-04724
 (Index No. 705481/13)

[*1]James B. Nutter & Company, appellant,
v Heirs and distributees of the estate of Rose Middleton, et al., defendants, Karim Middleton, respondent.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated May 5, 2022. The order denied the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.) dated October 4, 2017, sua sponte, directing dismissal of the complaint without prejudice, and to restore the action to the court's active calendar.
ORDERED that the order dated May 5, 2022, is reversed, on the law, with costs, the plaintiff's motion to vacate the order dated October 4, 2017, and to restore the action to the court's active calendar is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
In November 2013, the plaintiff commenced this action against, among others, the defendant Karim Middleton (hereinafter the defendant) to foreclose a mortgage on certain residential property located in Queens. The defendant failed to appear or answer the complaint. In March 2017, the Supreme Court appointed a referee to compute the amount due to the plaintiff. In a status conference order dated May 24, 2017, the court directed the plaintiff, inter alia, to file an application for a judgment of foreclosure and sale by July 26, 2017, and warned that the failure to comply "may result in the dismissal of this action without prejudice." In a letter dated July 25, 2017, the plaintiff informed the court that it was "examining a title issue." In an order dated October 4, 2017 (hereinafter the October 2017 order), the court, sua sponte, directed dismissal of the complaint without prejudice. In December 2020, the defendant filed a notice of appearance and served the October 2017 order with notice of entry.
In May 2021, the plaintiff moved to vacate the October 2017 order and to restore the action to the court's active calendar. The defendant opposed the motion and cross-moved for certain relief. In an order dated May 5, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (Onewest Bank, FSB v Tarantola, 156 AD3d 711, 711, quoting Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682). "[A] court may not sua sponte dismiss a complaint for failure to move for a judgment of foreclosure and sale by an arbitrary date set by the court" (Onewest Bank, FSB v Perwaiz, 204 AD3d 935, 936). "To obtain appellate review of an order or portion of an order issued sua sponte, a party may move to vacate the order or portion of the order and appeal as of right to the Appellate Division if that motion to vacate is denied" (Newrez, LLC v City of Middletown, 216 AD3d 655, 657; see CPLR 5701[a][3]; Sholes v Meagher, 100 NY2d 333, 335).
Here, the Supreme Court erred in denying the plaintiff's motion to vacate the October 2017 order and to restore the action to the court's active calendar, as the plaintiff's failure to comply with the directive to file an application for a judgment of foreclosure and sale by July 26, 2017, was not a sufficient ground upon which to sua sponte direct dismissal of the complaint (see Onewest Bank, FSB v Perwaiz, 204 AD3d at 936-937; Onewest Bank, FSB v Tarantola, 156 AD3d at 711).
As the Supreme Court did not decide the defendant's cross-motion, we remit the matter to the Supreme Court, Queens County, for a determination thereof.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court