Bank of Am., N.A. v Banu (2024 NY Slip Op 04940)

Bank of Am., N.A. v Banu

2024 NY Slip Op 04940

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2024-00004
 (Index No. 12603/13)

[*1]Bank of America, N.A., appellant, 
v
Fawzia Nilufar Banu, et al., defendants.

Ross Eisenberg Law PLLC, Cedarhurst, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered July 3, 2017. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) and in the interest of justice to vacate an order of the same court (Marguerite A. Grays, J.) dated February 26, 2015, sua sponte, directing dismissal of the complaint and cancellation of the notice of pendency, and to restore the action to the court's calendar.
ORDERED that the order entered July 3, 2017, is reversed, on the law, without costs or disbursements, and the plaintiff's motion pursuant to CPLR 5015(a)(1) and in the interest of justice to vacate the order dated February 26, 2015, and to restore the action to the court's calendar is granted.
In July 2013, the plaintiff commenced this action against the defendant Fawzia Nilufar Banu (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Jamaica. Although served with the summons and complaint, the defendant failed to interpose an answer.
In February 2014, after the matter was released from the mandatory foreclosure settlement part, the Supreme Court directed the plaintiff to move for an order of reference. The plaintiff appeared at a subsequent status conference but did not move for an order of reference.
In February 2015, the plaintiff appeared for a final status conference but once again failed to move for an order of reference. A court attorney referee then issued a report recommending that the complaint be dismissed. In an order dated February 26, 2015 (hereinafter the dismissal order), the Supreme Court, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency.
In February 2017, the plaintiff moved pursuant to CPLR 5015(a)(1) and in the interest of justice to vacate the dismissal order and to restore the action to the court's calendar. The defendant did not oppose the motion. By order entered July 3, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). Here, the Supreme Court failed to serve [*2]a written demand upon the plaintiff to resume prosecution of the action and to serve and file a note of issue within 90 days of receipt of the demand (see CPLR 3216[b][3]). Since at least one precondition set forth in CPLR 3216 was not met here, the court was without power to direct dismissal of the complaint pursuant to that statute (see Bank of N.Y. v Harper, 176 AD3d 907, 908; U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299).
Pursuant to 22 NYCRR 202.27, a court has discretion to dismiss an action where a plaintiff fails to appear "[a]t any scheduled call of a calendar or at any conference" (see Bank of N.Y. v Harper, 176 AD3d at 909). In this case, however, the court attorney referee did not recommend dismissal of the complaint based upon a failure to appear at a conference, but rather for failure to move for an order of reference by a date certain without good cause shown. Thus, the dismissal order, which confirmed the report of the court attorney referee, did not direct dismissal of the complaint based upon a default in appearing at a scheduled conference or calendar call, and 22 NYCRR 202.27 could not have provided the basis for dismissal of the complaint (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636; Bank of N.Y. v Harper, 176 AD3d at 909).
Moreover, "'[a] court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (Deutsche Bank Natl. Trust Co. v Winslow, 180 AD3d 1000, 1001, quoting Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682). Here, the plaintiff's failure to comply with a court conference order directing the plaintiff to move for an order of reference was not a sufficient ground upon which to direct dismissal of the complaint (see U.S. Bank N.A. v Stuart, 208 AD3d 824, 825; U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182).
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 5015(a)(1) and in the interest of justice to vacate the dismissal order and to restore the action to the court's calendar.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court