HSBC Bank USA, N.A. v Ramgeet (2025 NY Slip Op 02193)

HSBC Bank USA, N.A. v Ramgeet

2025 NY Slip Op 02193

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07900 
2023-04869
 (Index No. 704019/16)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Andrew Ramgeet, et al., defendants, Agas Homes, LLC, appellant.

Law Office of Jason S. Matuskiewicz, P.C., Brooklyn, NY, for appellant.
Aldridge Pite, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Agas Homes, LLC, appeals from (1) a decision of the Supreme Court, Queens County (Robert I. Caloras, J.), dated November 26, 2019, and (2) an order of the same court dated May 13, 2022. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were to vacate an order of the same court (Martin J. Schulman, J.) dated December 20, 2017, sua sponte, directing dismissal of the complaint and to restore the action to the active calendar.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On August 10, 2006, the defendant Andrew Ramgeet, through his attorney-in-fact, executed a note in the amount of $535,200 in favor of the plaintiff's predecessor in interest that was secured by a mortgage on certain real property located in Queens. In March 2016, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant Agas Homes, LLC (hereinafter Agas), the owner of the subject property. In a status conference order dated December 6, 2016, the Supreme Court directed the plaintiff to appear for another status conference on September 27, 2017, and to file applications for both an order of reference and a judgment of foreclosure and sale by that date. The court thereafter adjourned the scheduled status conference to December 20, 2017. In an order dated December 20, 2017, the court, sua sponte, directed dismissal of the complaint, in effect, on the ground that the plaintiff failed to comply with the order dated December 6, 2016.
In September 2019, the plaintiff moved, inter alia, to vacate the order dated December 20, 2017, and to restore the action to the active calendar. Agas opposed the motion. By order dated May 13, 2022, upon a decision dated November 26, 2019, the Supreme Court, among other things, [*2]granted those branches of the plaintiff's motion. Agas appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Hartford Funding, Ltd. v Harris, 193 AD3d 1035). Here, the Supreme Court was not presented with any extraordinary circumstances upon which to, sua sponte, direct dismissal of the complaint (see HSBC Bank USA, N.A. v Badalamenti, 228 AD3d 631, 632; Deutsche Bank Trust Co. Ams. v Martinez, 214 AD3d 704, 705; Onewest Bank, FSB v Perwaiz, 204 AD3d 935, 936-937). Therefore, contrary to Agas's contention, the court properly granted those branches of the plaintiff's motion which were to vacate the order dated December 20, 2017, and to restore the action to the active calendar (see Onewest Bank, FSB v Perwaiz, 204 AD3d at 936).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court