Deutsche Bank Natl. Trust Co. v Howell (2025 NY Slip Op 05216)

Deutsche Bank Natl. Trust Co. v Howell

2025 NY Slip Op 05216

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-00852
 (Index No. 716224/22)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Dave Howell, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Samantha R. Miller and Schuyler B. Kraus of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 4, 2023. The order denied the plaintiff's unopposed motion (1) to substitute the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, as the attorneys of record for the plaintiff, (2) to vacate an order of the same court (Martin J. Schulman, J.) dated April 15, 2015, sua sponte, directing dismissal of the action without prejudice and cancellation of a notice of pendency filed against the subject property, and (3) to restore the action to the active calendar.
ORDERED that the order entered August 4, 2023, is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion (1) to substitute the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, as the attorneys of record for the plaintiff, (2) to vacate the order dated April 15, 2015, and (3) to restore the action to the active calendar is granted.
In August 2007, the plaintiff commenced this action against the defendant Dave Howell (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property located in Queens. The plaintiff also filed a notice of pendency against the property. The defendant failed to appear or answer the complaint.
In an order dated September 25, 2008, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. Thereafter, in an order dated August 24, 2009, the court granted the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale. On March 4, 2015, the court issued a status conference order directing the plaintiff to appear for a final status conference on April 15, 2015, and to file a foreclosure affirmation/certificate of merit pursuant to Administrative Order of the Chief Administrative Judge of the Courts AO/208/13 and an application for a judgment of foreclosure and sale by that conference date. In an order dated April 15, 2015, the court determined that the plaintiff had failed to comply with the terms of the status conference order and, sua sponte, directed dismissal of the action without prejudice and cancellation of the notice of pendency (hereinafter the dismissal order).
In June 2023, the plaintiff moved by order to show cause (1) to substitute the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC (hereinafter Robertson), as the attorneys of record for the plaintiff, (2) to vacate the dismissal order, and (3) to restore the action to the active calendar. In an order entered August 4, 2023, the Supreme Court denied the unopposed motion. The plaintiff appeals.
The Supreme Court should have granted that branch of the plaintiff's unopposed motion which was to substitute Robertson as the attorneys of record for the plaintiff. Contrary to the court's determination, although Robertson had been unable to obtain a consent to change attorney signed by a predecessor law firm, which had dissolved, Robertson was permitted to seek to be substituted as counsel of record by "order of the court in which the action is pending, upon motion" (CPLR 321[b][2]).
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank N.A. v Stuart, 208 AD3d 824, 825 [internal quotation marks omitted]; see U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182). Here, the plaintiff's failure to comply with the directives of the status conference order was an insufficient ground upon which to direct dismissal of the action and cancellation of the notice of pendency (see U.S. Bank N.A. v Stuart, 208 AD3d at 825; U.S. Bank N.A. v Salgado, 192 AD3d at 1182; Onewest Bank, FSB v Tarantola, 156 AD3d 711, 712). Contrary to the Supreme Court's determination, the fact that the dismissal order directed the cancellation of the previously filed notice of pendency did not preclude vacatur of the dismissal order and restoration of the action to the active calendar. Since this is a foreclosure action, the plaintiff is entitled to file a notice of pendency to comply with RPAPL 1331, which requires a plaintiff to file a notice of pendency in the action at least 20 days before a final judgment directing a sale is rendered, notwithstanding that a prior notice of pendency filed against the property had been cancelled (see CPLR 6516[a]; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1203-1204; Bank of Am., N.A. v Green, 208 AD3d 1143, 1145; cf. CPLR 6516[c]).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the dismissal order and to restore the action to the active calendar.
In light of our determination, we need not reach the plaintiff's remaining contention.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court